IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JERRY L. KINGSBY, #576664 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv171 |
| LORIE DAVIS, ET AL. | § | |

## MEMORANDUM OPINION ADOPTING THE REPORT
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, Jerry L. Kingsby, a prisoner confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the United States Magistrate Judge, the Honorable Judge D. Love, for findings of fact, conclusions of law, and recommendations for the disposition of the lawsuit.

In his complaint, Plaintiff argued that the Texas Parole Board violated his rights under the Ex Post Facto Clause because the Board's use of new laws—enacted after his 1990 criminal conviction—to increase the amount of time between parole reviews, also known as set-offs, is unconstitutional.

Judge Love issued a Report, (Dkt. #10), recommending that Plaintiff's civil rights complaint be dismissed, with prejudice, as frivolous. Judge Love explained that the Fifth Circuit has explicitly rejected this exact claim. *See, e.g.*, *Pierce v. Livingston*, 728 F. App'x 370, 371 (5th Cir. 2018) (Mem.) (unpublished) ("Insofar as Pierce complains about the Parole Board's application of parole laws that were not in effect at the time of his offense, the Board's imposition of three-year and five-year set-offs between parole reviews presents no ex post facto violation because the complained-of procedures create only a speculative and attenuated risk of increasing

1

Pierce's punishment."); *Olstad v. Collier*, 326 F. App'x 261, 263-64 (5th Cir. 2009) ("The imposition by the Board of a potential five-year set-off until Olstad's next parole review presents no ex post facto violation because its effect on increasing Olstad's punishment is merely conjectural."). Accordingly, Judge Love determined that Pierce's complaint was frivolous.

Plaintiff has filed timely objections, (Dkt. #12). In his objections, Plaintiff explains that he disagrees with Judge Love's determination that his complaint should be dismissed. He argues that he has a protected liberty interest in his parole eligibility at the time he committed his offense and accepted his plea bargain. Plaintiff cites *California Dept. of Corrections v. Morales*, 514 U.S. 499 (1995), in support of his contentions.

However, *Morales* stands for the exact same proposition: "In 1981, the State of California amended its parole procedures to allow the Board of Prison Terms to decrease the frequency of parole suitability hearings under certain circumstances. This case presents the question of whether the application of this amendment to prisoners who committed their crimes before it was enacted violates the Ex Post Facto Clause. We conclude that it does not." *Morales*, 514 U.S. at 501-502. Accordingly, Judge Love properly determined that the Parole Board's increasing time between parole reviews does not violate the Ex Post Facto Clause. Plaintiff's complaint is, indeed, frivolous.

Contrary to Plaintiff's contentions, he does not have a protected liberty interest in his parole. There is no constitutional right to release on parole in Texas. *See Pohl v. Livingston*, 241 F. App'x 180, 181 (5th Cir. 2007) ("This court has determined that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause."); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991). Consequently, Judge Love properly recommended that Plaintiff's complaint be dismissed, with prejudice, as frivolous.

The Court has conducted a careful *de novo* review of the record and the Magistrate Judge's Report. *See* 28 U.S.C. § 636(b)(1) (District Judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and Plaintiff's objections are without merit. Consequently, it is

**ORDERED** that the Report of the United States Magistrate Judge, (Dkt. #10), is **ADOPTED** as the opinion of the District Court. Plaintiff's objections, (Dkt. #12), are overruled. It is also

**ORDERED** that the above-styled civil rights action is **DISMISSED**, with prejudice, as frivolous. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**So Ordered and Signed**
**Feb 18, 2019**

_____
Ron Clark, Senior District Judge